UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DANIEL KRITSCH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No: 2:16 CV 477 |
| | ) |
| BP PIPELINES OF NORTH AMERICA, INC., | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

**I.   BACKGROUND**

Plaintiffs, condominium owners in Munster, Indiana, originally filed this lawsuit in Lake County Superior Court in the State of Indiana against BP Pipelines of North America, Inc., and a variety of other affiliated corporate entities ("the BP defendants"), their homeowners' association ("HOA") and its agent, and their property management company and its agent, claiming that the defendants were liable for damage caused by the rupture of an underground pipeline near their properties. (DE # 3.) Plaintiffs are all citizens of the State of Indiana, as are some of the defendants, specifically the HOA and property management company and their respective agents ("the Indiana defendants"). All of the BP defendants are citizens of other states, except one, BP Corporation North America Inc., which is an Indiana citizen.

The BP defendants removed the action to this federal court pursuant to 28 U.S.C. § 1441(a) stating that jurisdiction in this court was appropriate given the parties' diversity of citizenship and the amount in controversy, as provided by

28 U.S.C. § 1332(a). (DE # 1.) Plaintiff has now moved to remand the case back to state court because this case lacks complete diversity of citizenship; the amount in controversy is not disputed. (DE # 28.) The motion is fully briefed and ripe for ruling.

## II. LEGAL STANDARD

In order for subject matter jurisdiction to be founded on diversity of citizenship, there generally must be complete diversity of citizenship — *i.e.,* no plaintiff can be a citizen of the same state as any defendant. *LM Ins. Corp. v. Spaulding Enters. Inc.,* 533 F.3d 542, 546 n. 1 (7th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)). Further, for removal based on Section 1332(a) to be proper, diversity of citizenship must have existed at the time of removal. *Harmon v. OKI Sys.,* 115 F.3d 477, 480 (7th Cir. 1997).

A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship,* 312 F.3d 318, 321 (7th Cir. 2002). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian,* 441 F.3d at 543. District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

**III.    DISCUSSION**

Plaintiffs argue that this case involves both plaintiffs and defendants that are citizens of the State of Indiana, destroying diversity of citizenship and rendering improper the BP defendants' attempt to remove this case to federal court. The BP defendants do not dispute that Indiana citizens were once defendants in this case, but argue that virtually all of the Indiana citizens (specifically, the HOA, property management company, and their respective agents) settled with plaintiffs during state court proceedings, leaving only citizens of other states as defendants.[1]

The record demonstrates that plaintiffs and the Indiana defendants entered into an "Agreement in Principle to Settle" during mediation, which sets out a series of terms and conditions subsequent that must occur before settlement is reached. (DE # 30-5.) The document states: "This is not a final settlement; the settlement will be final after completion of all of the above." (*Id.* at 2.) Further, the record contains the statement of the mediator in this case, who indicates that the conditions as stated in the "Agreement in Principle to Settle" have not been accomplished and that the current status of the case is that it "remains active." (DE # 31-1 at 2.)

The BP defendants attempt to persuade the court that the Indiana defendants are merely nominal at this point, by citing a number of non-binding decisions, but those cases involve the undisputed existence of a "settlement agreement." *See, e.g., Comer v.*

---

[1] The exception is BP of North America Inc., whose participation in this suit is contested, but the matter is not dispositive with regard to the present motion.

*Schmitt,* No. 2:15-CV-2599, 2015 WL 5954589, at *3 (S.D. Ohio Oct. 14, 2015) (defendants were no longer real parties in interest due to settlement agreement, even though agreement contained contingencies which had not yet occurred); *Midwestern Indem. Co. v. Brooks,* 779 F.3d 540, 543 (8th Cir. 2015) (defendant was nominal for removal purposes when parties had entered into "settlement agreement"); *Pulse Eng'g, Inc. v. Fed. Ins. Co.,* No. 1:06-CV-1237-LJM-VSS, 2006 WL 6557899, at *3 (S.D. Ind. Dec. 5, 2006) (same).

Even if these cases were binding, they simply do not apply here because the BP defendants (who have the burden of proof) have presented insufficient evidence indicating that the parties in this case actually entered into a settlement agreement. Rather, in this case, the parties took a first step towards resolution by creating an "Agreement in Principle to Settle" – an agreement to agree later, if certain conditions are satisfied. The BP defendants argue that Indiana law, which presumably governs the parties' agreements, requires only "reasonable certainty" in a contract's terms and conditions, *Conwell v. Gray Loon Outdoor Mkting Gp., Inc.,* 906 N.E.2d 805, 813 (Ind. 2009), but in this case there is no reasonable certainty that the parties intended to enter into a settlement agreement. The document in question plainly states: "This is not a final settlement." (DE # 30-5 at 2.) The parties' intent could not be clearer. The BP defendants cite no authority supporting the argument that an agreement in principle to settle the case *later* should be construed as a settlement agreement rendering a defendant nominal for removal purposes, and this court declines to be the first court to do so.

4

Because the court finds that the Indiana defendants are presently parties in this case, a fact that in and of itself destroys diversity of citizenship, the court need not address the parties' arguments regarding whether BP of North America Inc. (another Indiana citizen) is a proper defendant in this case; whether it is or not, complete diversity does not exist and this case must be remanded.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand (DE # 28) is **GRANTED**, and this case is **REMANDED** to the Lake County Superior Court.

**SO ORDERED.**

Date: February 14, 2017

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT